**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **-vs-** | : | **CR. No.: 06-118 S** |
| | : | |
| **JORGE HENRIQUEZ** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR VARIANCE FROM SENTENCING GUIDELINES**

The defendant, Jorge Henriquez, entered a plea of guilty to two (2) counts of possession with intent to distribute and distribute cocaine base.

The defendant accepts responsibility for the charged conduct and does not quarrel with the fact that under the United States Sentencing Guidelines, the amount of cocaine base involved (80.9 grams) places him at a guideline level of 32 (the defendant has opposed the 2 level enhancement for the weapon allegedly sold).

As presently written the presentence report categorizes the defendant at an adjusted offense level of 31 with a criminal history category III which advises that a sentencing range of 135-168 months is appropriate.

Under the relevant statutory provisions (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) for Count 1 and 841(a)(1)(b)(1)(B)(iii) for Count 2, the defendant faces certain mandatory minimum sentences for these crimes. More specifically, the defendant faces on Count 1 a mandatory minimum term of ten (10) years incarceration and on Count 2 a minimum mandatory term of five (5) years incarceration. Making an assumption as dangerous as that may be, that the court will impose concurrent terms, the defendant

faces the prospect of a minimum mandatory sentence of ten (10) years incarceration for being a "mule" in a relatively small drug transaction.

It has long been argued that the guideline as well as the statutory provisions regarding the penalties for cocaine base are excessive and/or racially motivated and should be amended to reduce the penalties associated with its possession and/or distribution.

Whatever the motivation may be for the draconian penalties associated with the possession or distribution of cocaine base, it appears that the majority opinion remains that the penalties are more severe than necessary. This is particularly true when those penalties are imposed on the small time players such as this defendant who are merely acting as the "errand boy" for the actual dealers who continue to shield themselves through the use of these low paid, poverty level runners.

Of course, in fashioning an appropriate sentence the court must consider all the factors set out in 18 U.S.C. § 3553, to wit; the nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, to provide just punishment, to afford adequate deterrence (to the defendant and to other members of society), to protect the public from further crimes of the defendant and to provide the defendant with educational and vocational training ….

The goals of the sentencing guidelines were, in addition to providing some uniformity of sentences, to set forth penalties that reflected the seriousness of offense, to afford adequate deterrence, to promote respect for the law and to provide just punishment.

However, as initially drafted they remained inflexible and tied the hands of the judiciary when considering the nature and circumstances of the offense and the history and characteristics of the defendant. Fortunately, over the years the trial courts and then the appellate courts began to recognize the rigidity of the guidelines and departures from the guidelines became more acceptable.

Ultimately, as the court well knows, the guidelines became advisory, thereby giving the trial courts more discretion in fashioning appropriate sentences. The guidelines, however, remain part of the sentencing scheme and are to be considered in all sentencings and in most respects are still considered to be reflective of the factors enumerated in 18 U.S.C. § 3553(a)(2)(A)(B) and (C).

They do not, however, always reflect the nature and circumstances of the offense and certainly by their very nature are not reflective of the history and characteristics of the defendant or the potential need for educational or vocational training.

**THE OFFENSE**:

The nature and circumstances of the offense area relatively simple. The defendant simply made two deliveries of cocaine base for another individual and admitted to AUSA Rose at the time of a plea hearing (in a "casual" conversation – with counsel present) that he had received Fifty ($50.00) Dollars for each transaction.

**HISTORY AND CHARACTERISTICS OF DEFENDANT:**

The defendant, Jorge Henriquez, is a twenty year old male that has suffered from an extraordinarily disadvantaged upbringing as indicated from the following facts gleaned from the presentence report (and psychological records):

-he grew up having little contact with is father (Isidoro Henriquez) and what contact he did have was marred with abuse against the defendant's mother, the defendant and his siblings;

-the defendant's father was a drug dealer, would often have his customers come into the family home and had a long history of poly-substance abuse;

-the defendant's parents eventually separated and ended up living in "the projects" with periods of homelessness;

-the defendant's father was subsequently convicted of drug offenses and was deported to the Dominican Republic;

-as a teen he was exposed to drugs and began using drugs and drinking alcohol on a regular basis. He abused marijuana, valium, vicodin and ecstasy;

-the defendant was further exposed to violence, gang activity and homicide in his neighborhood and had his leg broken from an assault;

-in an effort to protect him, his mother sent him to live with his father in the Dominican Republic;

-while living in the Dominican Republic his father continued to be abusive and continued to abuse alcohol;

-the defendant also witnessed his father confront, shoot and kill a man because he (the victim) almost hit the defendant with his motorcycle;

-the defendant suffers from ADHD, a learning disorder with diagnoses of Oppositional Defiant Disorder and Post Traumatic Stress Disorder.

In summary, the defendant has had an extraordinarily disadvantaged and deprived life and in the scheme of the "drug trade" played a minor role as the courier/mule in these two transactions.

Wherefore, the defendant, Jorge Henriquez, respectfully moves that this Honorable Court grant his motion for a variance from the sentencing guidelines.

JORGE HENRIQUEZ
By his attorney,

*/s/ William C. Dimitri*
WILLIAM C. DIMITRI, ESQ. #3129
462 Broadway
Providence, RI 02909
Tel (401) 273-9092
Fax (401) 331-1898

**CERTIFICATION**

I hereby certify that on the 13th day of April, 2007, I served a true copy of this Memorandum via electronic filing to Zechariah Chafee, AUSA, and a copy to Kristin Mattias, United States Probation, via regular mail.

*/s/ William C. Dimitri*